DANIEL ZEMEL
ZEMEL LAW LLC
660 Broadway
Paterson, New Jersey 07514
T: (862) 227-3106
F: (973) 282-8603
DZ@zemellawllc.com
Attorney for Plaintiff,
Marriah Tailey

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

MARRIAH TAILEY,

      Plaintiff,

    vs.

MIDLAND CREDIT MANAGEMENT, INC.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. 3:25−cv−05816−GJL**

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES**

**NOTE FOR MOTION CALENDAR:**

**JUNE 15, 2026**

      Plaintiff Marriah Tailey, by and through undersigned counsel, respectfully moves for a limited sixty (60) day extension of the discovery deadline and related case management deadlines. Pursuant to Local Rule 7(d), the Parties have conferred and Defendant Midland Credit Management ("MCM") does not oppose the requested extension of time.

      The Court entered its Scheduling Order on November 12, 2025. (ECF No. 12.) Under the current Scheduling Order, fact discovery closes on July 6, 2026. Pursuant

to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, courts primarily consider the diligence of the party seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Roosma v. Pierce Cnty.*, No. 3:16-cv-05499-RJB, 2017 U.S. Dist. LEXIS 189893, at *7-8 (W.D. Wash. Nov. 16, 2017). Although "prejudice to the party opposing the modification [of a scheduling order] might supply additional reasons to deny a motion, the focus . . . is upon the moving party's reasons for seeking modification." *Id.*

Good cause exists here. Plaintiff has diligently pursued discovery throughout this action. The parties have exchanged written discovery and have proceeded with scheduling party depositions. In addition, on April 23, 2026, Plaintiff served deposition subpoenas on third-party credit reporting agencies, Equifax, Experian, and TransUnion, seeking information directly relevant to Plaintiff's claims and Defendant's defenses. Responses were due on May 18 and 19, 2026.

Despite Plaintiff's diligence, complete responses to those subpoenas remain outstanding. Plaintiff has engaged in multiple meet-and-confer efforts with the subpoena recipients, including correspondence regarding objections, releases, and production issues. The delay is attributable to the third-party credit reporting agencies' response process and circumstances outside Plaintiff's control.

The information sought through the subpoenas is material to the issues in this case, including Defendant's reporting of Plaintiff's account and the circumstances surrounding the credit reporting agencies' continued reporting of the account as disputed. Further, once the documents are obtained, it is likely depositions of the third parties will be necessary. Plaintiff cannot reasonably complete discovery or determine whether additional discovery is necessary until the subpoenaed materials are produced and reviewed and testimony from the CRAs is obtained.

Plaintiff is not seeking this extension for purposes of delay. Rather, the requested extension is necessary to obtain relevant third-party evidence that was timely sought before the close of discovery. Defendant will suffer no prejudice from a brief extension. Conversely, denial of the requested relief may substantially prejudice Plaintiff's ability to obtain and present evidence relevant to the claims and defenses in this action.

Accordingly, Plaintiff respectfully requests that the Court extend the discovery deadline and all related pretrial deadlines by sixty (60) days and enter an amended scheduling order as follows:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Discovery End Date | July 6, 2026 | September 8, 2026 |
| Dispositive Motions | July 6, 2026 | September 8, 2026 |
| 39.1 Mediation Completion Deadline | October 2, 2026 | December 1, 2026 |

| Motions in Limine Deadline | October 2, 2026 | December 1, 2026 |
|---|---|---|
| Pre−trial Order Deadline | October 16, 2026 | December 15, 2026 |
| Trial Brief, Proposed Voir Dire Questions and Jury Instructions Deadline | October 16, 2026 | December 15, 2026 |
| Pretrial Conference | October 26, 2026 | To Be Reset by the Court[1] |
| Jury Trial | November 2, 2026 | To Be Reset by the Court |

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this unopposed Motion and enter an amended scheduling order extending the deadlines set forth above, together with such other and further relief as the Court deems just and proper.

Dated this 15th day of June, 2026.

Respectfully Submitted,


/s/ *Daniel Zemel*
Daniel Zemel Esq.
Zemel Law LLC
660 Broadway
Paterson NJ, 07514
862-227-3106
Email: dz@zemellawllc.com
Attorney for Plaintiff

---

[1] The Parties are willing to have a scheduling conference with the Court or to submit proposed trial dates as the Court deems necessary.

## CERTIFICATE OF SERVICE

I, Daniel Zemel, hereby certify that this document was served upon all counsel of record via the Court's ECF system on June 15, 2026.

/s/ Daniel Zemel

Daniel Zemel, Esq.